UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:11-CR-47 |
| | ) | JUDGE JORDAN |
| RANDY LEE WOOTEN | ) | |

## AGREED ORDER OF REVOCATION

A Petition for Revocation of Supervised Release has been filed against the defendant, Randy Lee Wooten, and the defendant admits that he has violated the conditions of his supervised release. An agreement has been reached between the parties, recommending that Mr. Wooten's supervised release should be revoked and that he should receive a sentence of time served to be followed by three (3) years of supervised release. All previously imposed general, standard and special conditions shall continue to apply with the addition of the following special conditions:

1. The defendant shall submit his or her person, property, house, vehicle, papers, [computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media,] or office, to a search conducted by a United States probation officer or designee. Failure to submit to a search may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

2. You shall not take any opiate-based medication, or any other controlled substance, without notifying the physician that you have a substance abuse problem and without obtaining permission from your probation officer.

Mr. Wooten agrees to waive his right to a hearing pursuant to Rule 32 of the Rules of Criminal Procedure, waive his right to allocute at a revocation hearing, and asks that the agreement of the defendant and the government pursuant to Rule 11 of the Federal Rules of Criminal

Procedure be found to be a proper sentence. In doing so, the defendant acknowledges that he is giving up the following rights:

(1) The right to the assistance of counsel for his defense.

(2) The right to see and hear all the witnesses and have them cross-examined in his defense.

(3) The right on his own part not to testify unless he chose to do so in his defense, and

(4) The right to the issuance of subpoenas to compel the attendance of witnesses to testify on his behalf.

Mr. Wooten stipulates to the following violations that can be proven by the government by a preponderance of the evidence:

(1) **General Condition:** The defendant shall not commit another federal, state or local crime.

(2) **General Condition:** The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance.

(3) **Standard Condition No. 3:** The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

(4) **Standard Condition No. 7:** The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.

(5) **Standard Condition No. 8:** The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

(6) **Standard Condition No. 9:** The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.

(7) **Special Condition No. 1:** The defendant shall participate in a program of testing and/or treatment for drug and alcohol abuse, as directed by the probation officer, until such a time as he is released from the program by the probation officer.

On or about October 20, 2015, Mr. Wooten reported for his required Code-A-Phone referral system drug test. He tested positive for Buprenorphine. Mr. Wooten admitted to using the drug and stated it was a one-time slip up.

On or about February 29, 2016, Mr. Wooten reported for his required Code-A-Phone referral system drug test. He tested positive for Buprenorphine. Mr. Wooten admitted to using Buprenorphine on or about February 22, 2016.

On or about March 9, 2016, Mr. Wooten reported for his required Code-A-Phone referral system drug test. He tested positive for Buprenorphine. Mr. Wooten admitted the drug use to the vendor. Mr. Wooten admitted to buying the Buprenorphine from a friend for $20.00 per half strip.

On or about March 11, 2016, Mr. Wooten reported to the United States Probation Office for a non-compliance meeting. During that meeting Mr. Wooten asked to attend substance abuse treatment. Mr. Wooten was referred to Comprehensive Community Services (CCS) for substance abuse treatment. Mr. Wooten began treatment on or about March 18, 2016.

On or about May 17, 2016, Mr. Wooten reported for his required Code-A-Phone referral system drug test. Mr. Wooten tested positive for Morphine. Mr. Wooten admitted the drug use to the vendor. Mr. Wooten failed to report for his substance abuse treatment at CCS on or about May 17, 2016.

The Court has considered the Chapter Seven policy statements in the United States Sentencing Guidelines. The violations above constitute Grade C violations for which an advisory guideline range of 3 to 9 months would apply given his Criminal History Category I. The Court has considered these advisory guideline ranges. The Court has also considered the statutory maximum of three (3) years imprisonment. The Court has also considered the factors listed in 18 U.S.C. § 3553(a).

The Court concludes that the recommended sentence is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a). Specifically, the Court finds that the defendant has admitted that the proof could establish by a preponderance of the evidence that he committed the violations alleged in the petition for warrant for offender under supervision.

Based on the foregoing, the Court finds that the recommended sentence is sufficient, but not greater than necessary to accomplish the purposes set forth in 18 U.S.C. § 3553(a) while taking into consideration all of those factors and the Chapter Seven policy statements. IT IS HEREBY ORDERED, therefore, that the defendant's supervised release is hereby revoked. The defendant is hereby sentenced to time served to be followed by three (3) years of supervised release. All previously imposed general, standard and special conditions shall continue to apply with the addition of the following special conditions:

1. The defendant shall submit his or her person, property, house, vehicle, papers, [computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media,] or office, to a search conducted by a United States probation officer or designee. Failure to submit to a search may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

2. You shall not take any opiate-based medication, or any other controlled substance, without notifying the physician that you have a substance abuse problem and without obtaining permission from your probation officer.

_____
Honorable R. Leon Jordan
United States District Judge

APPROVED FOR ENTRY:

_____
Donald W. Taylor
Assistant U.S. Attorney

_____
Randy Lee Wooten
Defendant

for
_____
Robert C. Welch
U.S. Probation Officer

_____
Nikki C. Pierce
Attorney for Defendant

4